UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Latasha Purnell**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**First Student, Inc.**<br><br>Defendant. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Latasha Purnell ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, First Student, Inc. (hereafter "Defendant" or "First Student") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the, Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. The "Collective Members" are all individuals who worked for Defendant in Illinois, who worked in excess of forty (40) hours in any given workweek and were classified as non-exempt from the FLSA's overtime requirements at any point from the three years prior to filing their consent to joint this action to the present.

3. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

1

4. The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

5. As detailed herein, Plaintiff and the Collective Members were not paid one and one-half times their regular rate of pay for all time spent working in excess of 40 hours in a given workweek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because the decision making which resulted in First Student's failure to pay overtime as detailed herein occurred at First Student's corporate headquarters within this judicial district.

8. Defendant is a Delaware corporation with its headquarters located at 191 Rosa Parks St 8th Floor, Cincinnati, OH 45202.

9. Plaintiff and the Collective Members in their work for Defendant were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

10. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Cook County, Illinois, and is a current employee of Defendant.

11. Plaintiff was employed by Defendant as a non-exempt hourly employee from on or about October 1, 2019 through the present.

12. The "Collective Members" are all individuals who worked for Defendant in excess of forty (40) hours in any given workweek, and were classified as non-exempt from the FLSA's overtime requirements at any point from the three years prior to filing their consent to joint this action to the present.

13. Under the FLSA, Defendant is an employer. At all relevant times, Defendant had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment. As a person who acted in the interest of Defendant in relation to the company's employees, Defendant is subject to liability under the FLSA.

14. At all material times, Plaintiff and the Collective Members were employees of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).

15. At all material times, Plaintiff and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

16. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

17. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff and the Collective Members, in their work for Defendant, were engaged in interstate commerce.

**FACTUAL ALLEGATIONS**

19. Defendant contracts with schools across the country to provide bus-transportation students for their students.

20. Plaintiff, in her work for Defendant, performed job duties as a school bus attendant.

21. At all relevant times, Plaintiff and the Collective Members a were paid an hourly wage and were classified as non-exempt from the overtime requirements of the FLSA.

22. At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in a given workweek.

23. However, Defendant failed to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for their work which was in excess of forty hours in any given workweek.

24. For example, during the week beginning on January 19, 2023, and ending on February 4, 2023, Plaintiff worked no less than 43.08 hours. However, Plaintiff was paid straight-time for all hours worked. As such, Defendant failed to pay Plaintiff no less than 3.08 hours of overtime during this week.

25. For further example, during the week beginning on April 16, 2023, and ending on April 2023, Plaintiff worked 36.02 Regular Hours and 8.90 Safety & Training Hours for a total of 44.92 hours. However, Defendant only paid Plaintiff for 2.58 hours of overtime. As such, Defendant failed to pay Plaintiff no less than 2.34 hours of overtime during this week.

26. For further example, during the week beginning on August 20, 2023, and ending on August 26, 2023, Plaintiff worked no less than 61.50 hours. However, Defendant only paid Plaintiff 21.0 hours of overtime. As such, Defendant failed to pay Plaintiff no less than 0.5 hours of overtime during this week.

4

27. Additionally, Plaintiff and the Collective Members were paid non-discretionary bonuses.

28. However, Defendant failed to include these non-discretionary bonuses in Plaintiff's and the Collective Members' regular rates of pay for the purposes of computing overtime.

29. Additionally, Defendant regularly required Plaintiff and the Collective Members to attend safety meetings.

30. These safety meetings typically required Plaintiff and the Collective Members to travel from their post to another First Student facility.

31. Defendant required Plaintiff and the Collective Members to clock-out prior to leaving their posts and traveling to the required meetings. As such, the travel time was always unpaid.

32. Moreover, Defendant automatically credited Plaintiff and the Collective Members for one-hour or less for their attendance at these required meetings.

33. However, the required meetings frequently started late and lasted longer than one hour resulting in additional periods of unpaid time.

34. Additionally, Defendant did not reimburse Plaintiff and the Collective Members for the mileage associated with their travel to and from the required meetings resulting in an illegal "kick-back" of overtime that was required to be paid "free and clear."

35. Defendant has failed to accurately record the time worked by Plaintiff and the Collective Members resulting in significant unpaid wages.

36. Substantial discrepancies exist between the amount of time worked as evidenced by Plaintiff's and the Collective Members' time punches and the amount that they were ultimately paid.

37. As a result, Defendant failed to pay all legally required overtime owed to Plaintiff and the Collective Members.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

39. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former employees of Defendant.

40. Defendant subjected Plaintiff and the Collective Members to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

41. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

42. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

43. The Collective Members perform or have performed the same or similar work as Plaintiff.

6

44. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

45. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all of the Collective Members.

46. As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All individuals who worked for Defendant in excess of forty (40) hours in any given workweek and were classified as non-exempt from the FLSA's overtime requirements at any point from the three years prior to filing their consent to joint this action to the present.**

47. Defendant's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

48. Defendant was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

49. Defendant's unlawful conduct has been widespread, repeated, and consistent.

50. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

51. Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former employees of Defendant. Plaintiff is unable to state the precise number of similarly-situated employees because that information is

7

solely in Defendant's possession, custody, or control, but it can be readily ascertained from their employment records.

52. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendant, via email at the last known email address known to Defendant, by text message to the last known telephone number known to Defendant and by workplace posting at each of Defendant's facilities.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME
### (On behalf of Plaintiff and the Collective Members)

53. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

54. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

55. The wage requirements of the FLSA "will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee." *See* 29 C.F.R. 531.35. "For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act." *Id.*

8

56. At all relevant times, Plaintiff and the Collective Members were paid an hourly wage and were classified as non-exempt from the overtime requirements of the FLSA.

57. At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in a given workweek.

58. However, Defendant failed to pay Plaintiff and the Collective Members one and one-half times their regular rate of pay for their work which was in excess of forty hours in any given workweek.

59. For example, during the week beginning on January 19, 2023 and ending on February 4, 2023, Plaintiff worked no less than 43.08 hours. However, Plaintiff was paid straight-time for all hours worked. As such, Defendant failed to pay Plaintiff no less than 3.08 hours of overtime during this week.

60. For further example, during the week beginning on April 16, 2023 and ending on April 2023, Plaintiff worked 36.02 Regular Hours and 8.90 Safety & Training Hours for a total of 44.92 hours. However, Defendant only paid Plaintiff for 2.58 hours of overtime. As such, Defendant failed to pay Plaintiff no less than 2.34 hours of overtime during this week.

61. For further example, during the week beginning on August 20, 2023 and ending on August 26, 2023, Plaintiff worked no less than 61.50 hours. However, Defendant only paid Plaintiff 21.0 hours of overtime. As such, Defendant failed to pay Plaintiff no less than 0.5 hours of overtime during this week.

62. Additionally, Plaintiff and the Collective Members were paid non-discretionary bonuses.

63. However, Defendant failed to include these non-discretionary bonuses in Plaintiff's and the Collective Members' regular rates of pay for the purposes of computing overtime.

64. Additionally, Defendant regularly required Plaintiff and the Collective Members to attend safety meetings.

65. These safety meetings typically required Plaintiff and the Collective Members to travel from their post to another First Student facility.

66. Defendant required Plaintiff and the Collective Members to clock-out prior to leaving their posts and traveling to the required meetings. As such, the travel time was always unpaid.

67. Moreover, Defendant automatically credited Plaintiff and the Collective Members for one-hour or less for their attendance at these required meetings.

68. However, the required meetings frequently started late and lasted longer than one hour resulting in additional periods of unpaid time.

69. Additionally, Defendant did not reimburse Plaintiff and the Collective Members for the mileage associated with their travel to and from the required meetings resulting in an illegal "kick-back" of overtime that was required to be paid "free and clear."

70. Defendant has failed to accurately record the time worked by Plaintiff and the Collective Members resulting in significant unpaid wages.

71. Substantial discrepancies exist between the amount of time worked as evidenced by Plaintiff's and the Collective Members' time punches and the amount that they were ultimately paid.

72. As a result, Defendant failed to pay all legally required overtime owed to Plaintiff and the Collective Members.

73. Defendant has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

74. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

75. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Defendant was aware of the FLSA's overtime requirements. As such, Defendant's conduct constitutes a willful violation of the FLSA.

76. As a result of Defendant's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for Defendant in excess of their regular 40-hour workweek, Defendant violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Latasha Purnell, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendant, First Student, Inc.:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

   i. violated the overtime provisions of the FLSA; and

   ii. willfully violated the overtime provisions of the FLSA;

B. For the Court to award actual damages, statutory damages, and damages in the amounts of all unpaid overtime wages owing to Plaintiff and the Collective Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint.

F. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G. Such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff and the Collective Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: March 26, 2025.

                                              Respectfully submitted,

                                              s/ *Michael L. Fradin*
                                              Michael L. Fradin, Esq.
                                              8401 Crawford Ave. Ste. 104
                                              Skokie, IL 60076

Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

13