UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LATASHA PURNELL,

      Plaintiff,

                         Case No. 1:25-cv-193

      v.

                         JUDGE DOUGLAS R. COLE

FIRST STUDENT, INC.,

      Defendant.

## OPINION AND ORDER

Plaintiff Latasha Purnell sued Defendant First Student, Inc., based on allegations that Defendant failed to pay Plaintiff and similar employees for all overtime worked, in violation of the Fair Labor Standards Act (FLSA). (Am. Compl., Doc. 9). First Student has moved to partially dismiss Purnell's Amended Complaint on the limited issue of whether a two- or three-year statute of limitations applies. (Docs. 6, 10). For the reasons discussed below, the Court **DENIES** Defendant's Partial Motions to Dismiss (Docs. 6, 10) and finds a three-year statute of limitation applies.

## BACKGROUND

The facts of this case are fairly straightforward.[1] Defendant First Student works with schools nationwide to provide bus transportation. (Doc. 9, #59). First

---

[1] Because this matter is before the Court on Defendant's Motions to Dismiss (Doc. 6, 10), the Court must accept the well-pleaded allegations in the Complaint as true. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). So while the Court relies on the Complaint's allegations to recount the case's background, it reminds the reader that they are just that—allegations.

Student employed Purnell as a school bus attendant starting in October 2019 and continuing through the present. (*Id.* at #58–59). Purnell alleges that her duties frequently required her to work in excess of forty hours per workweek. (*Id.* at #59). While First Student sometimes paid her overtime, she alleges that sometimes the company failed to do so, and other times the company would pay less than the full amount to which she was entitled. (*Id.*). As an example, she alleges that one week she worked 43.08 hours, but First Student did not pay her any overtime. (*Id.*). During a different week she says she worked 44.92 hours, resulting in overtime of 4.92 hours, but First Student only paid her 2.58 hours of overtime. (*Id.*).

One reason, among others, for the disputed overtime was that First Student required her, and other employees, to attend "safety meetings" outside of their "post," which required longer travel time. (*Id.* at #60). Purnell alleges that First Student required these employees to clock-out before traveling, though, and the safety meetings themselves frequently took longer than the one-hour for which First Student compensated them. (*Id.*). In addition to undercounting time, Purnell also claims that First Student used an incorrect overtime pay rate. According to Purnell, her standard hourly rate (and thus the base for computing time and a half) should have been increased to reflect non-discretionary bonuses that First Student pays, instead of only her stated hourly wage. (*Id.*).

So on March 26, 2025, Purnell sued First Student, alleging a violation of the FLSA, 29 U.S.C. § 207(a). (*Id.* at #64; Doc. 1). She does not raise this claim only for

2

herself, though; she brings this case as a proposed FLSA collective action. (Doc. 9, #64). Specifically, Purnell suggests a collective defined as:

> All individuals who worked for Defendant in excess of forty (40) hours in any given workweek and were classified as non-exempt from the FLSA's overtime requirements at any point from the three years prior to filing their consent to join[] this action to the present.

(*Id.* at #65).

It is her reference to "at any point from the three years prior to filing" that gives rise to the instant dispute. (*Id.*). More specifically, on May 27, 2025, Defendant moved to partially dismiss Purnell's claim, but only on the limited issue of whether the applicable statute of limitations was two years instead of three years. (Doc. 6, #34–37). First Student argued that the FLSA generally imposes a two-year limit, but that period can be extended to three years if there is a willful violation. (*Id.*). And according to First Student, Purnell did not adequately plead a willful violation, so her claim (and proposed collective) should be limited to only two years before filing suit. (*Id.*).

Purnell responded to that argument by filing an Amended Complaint. There, she added a section expanding on the allegations that First Student in fact acted willfully by not paying adequate overtime. (Doc. 9, #61–63). Her primary allegations on that front are that: (1) First Student is a multi-national corporation "that routinely performs legal compliance audits" that should identify wage-and-hour violations, and (2) First Student has faced several lawsuits in other states alleging similar violations. (*Id.*).

First Student responded to the Amended Complaint by renewing its request for partial dismissal, arguing that these new allegations do not cure the deficiency. (Doc. 10). And, given that Purnell has already amended once, it asks the Court to decide the issue with prejudice. (*Id.* at #85–86). Purnell has responded, (Doc. 13), and First Student replied, (Doc. 14).

With that, the matter is ripe for the Court's review.

**LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must present sufficient facts to 'state a claim to relief that is plausible on its face.'" *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 319 (6th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In assessing plausibility, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Bassett*, 528 F.3d at 430 (citation omitted). But that grace extends only so far. The Court cannot accept "naked assertions," legal conclusions, or "formulaic recitation[s] of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

4

## LAW AND ANALYSIS

Defendant First Student has moved to partially dismiss Purnell's FLSA claim. (Docs. 6, 10).[2] First Student does not argue that Purnell failed to state a claim entirely. Instead, the current issue is quite narrow: did Purnell adequately plead that First Student willfully violated the FLSA such that the relevant period is extended to three years, and so the matter may move forward into discovery on that issue? The Court ultimately concludes she did.

Start with the basics. Under the FLSA, an action for unpaid overtime compensation must be "commenced within two years after the cause of action accrued … except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a). An employer acts willfully when the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Purnell seeks to recover for unpaid overtime for the three years preceding this action. (*See* Doc. 9, #65 (defining Collective Members as non-exempt employees over the past three years)). So to succeed on her claim for the full three years, Purnell will need to show that First Student acted willfully in failing to fully pay her and other employees overtime compensation.

---

[2] As noted, after First Student filed its initial Motion to Dismiss (Doc. 6), Purnell responded by amending her complaint, (Doc. 7). That technically mooted the original motion to dismiss. But First Student's new Motion to Dismiss (Doc. 10) relied on and incorporated its arguments from its original motion, (*see, e.g., id.* at 82 ("As explained in First Student's partial motion to dismiss the Original Complaint ….."). So, in describing First Student's arguments, the Court relies on both the original, (Doc. 6), and new, (Doc. 10), motions to dismiss.

But today's question is not whether she can ultimately *succeed* on such a claim. This case is in its infancy. What matters now are pleading requirements, not proof. The parties disagree, though, both on what those requirements are and whether Purnell has met them. First Student argues that Purnell must do more than simply allege willfulness in a conclusory fashion; instead, she must allege specific facts regarding its state-of-mind. (Doc. 6, #34–35). First Student offers some examples of factual allegations that in its view might suffice, such as that a defendant had "ignored warnings it was out of compliance, destroyed or withheld records, ignored direct information from an administrative agency, or ignored internal audits or memoranda showing possible violations." (*Id.* at #36). But Purnell, it observes, alleged nothing of the sort here. Rather, First Student argues that Purnell merely alleges that it "intentionally failed and/or refused to pay Plaintiff," (Doc. 1, #10), which is conclusory and lacks any factual support, (Doc. 6, #36).

Purnell, on the other hand, argues that "Defendant is trying to fabricate a heightened pleading standard." (Resp., Doc. 13, #132). She maintains that the "Sixth Circuit has not addressed the pleading standards of willfulness under the FLSA," and instead points to other circuits' precedent that a "general averment of willfulness at the pleading stage is enough." (*Id.* at #132–33 (citation omitted)). Beyond that, Purnell argues that willfulness is not a pleading requirement here *at all* because statutes of limitations are generally considered affirmative defenses, which plaintiffs are not required to plead around. (*Id.* at #134).

Both parties make some good points. On one hand, Purnell is correct in saying that the Sixth Circuit has not specifically addressed the pleading standard that applies to willful violations of the FLSA. That said, the Sixth Circuit has addressed that standard under the FMLA, which has an analogous extension for willful violations. *See* 29 U.S.C. § 2617(c) (FMLA statute of limitations); *Crugher v. Prelesnik*, 761 F.3d 610, 614 (6th Cir. 2014). In that context, the Sixth Circuit stated that "[a] plaintiff 'must do more than make the conclusory assertion that a defendant acted willfully.'" *Crugher*, 761 F.3d at 617 (quoting *Katoula v. Detroit Ent., LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)). By way of further explanation, it offered that, "although conditions of a person's mind may be alleged generally, the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face." *Id.* (internal quotation marks omitted) (quoting *Katoula*, 557 F. App'x at 498). Because the plaintiff there had failed to plead "factual allegations that [defendants] … acted intentionally or recklessly to violate [plaintiff's] rights under the FMLA," the *Crugher* court found that the plaintiff did not adequately plead a willful violation. *Id.* Other district courts in this Circuit likewise have held that a plaintiff needs to plead facts plausibly alleging willful conduct to move past a motion to dismiss on a FLSA claim. *See Scheck v. Maxim Healthcare Servs., Inc.*, 333 F. Supp. 3d 751, 758–59 (N.D. Ohio 2018) (limiting claim to two-year period because "none of [Plaintiff's] statements arise above wrote and conclusory legal allegations, or amount to 'facts' about the defendant's mental state"); *Woods v. First Transit, Inc.*, No. 1:21-cv-739, 2021 WL 4661662, at *9 (N.D. Ohio Oct.

7

7, 2021) ("Plaintiffs' allegations of willfulness are legal conclusions and fail to set out any facts regarding Defendant's mental state."). In short, Purnell's argument that she need not plead willfulness at all (because it goes only to statute of limitations) is a non-starter.

Purnell's efforts to point to other circuits' caselaw does not change this outcome. (Doc. 13, #132–35). While it may be true that those circuits accept "general averment[s] of willfulness at the pleading stage," (*id.* at #132 (citation omitted)), this Court sits in the Sixth Circuit. And *Crugher*'s holding that a plaintiff must present enough factual allegations to make the state-of-mind inference plausible thus applies here.

So the question then is whether Purnell sufficiently alleged willfulness. And in answering that question, the Court agrees with the Defendant that conclusory allegations do not count. (*See* Doc. 6, #36); *see also Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quotation omitted) ("We need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."). Rather, she needs to plead actual facts giving rise to a reasonable inference that First Student's conduct here was willful as the FLSA uses that term.

Purnell appears to concede that she did not do so initially. Or at the very least, after Defendant's first Motion to Dismiss (Doc. 6), Purnell elected to amend her complaint to add a section specifically addressing willfulness. (Doc. 9, #61–63). There, she added two new categories of allegations. First, she alleges that First Student is a

multi-national corporation with a "legal department that routinely performs legal compliance audits … rendering it well equipped to identify and implement measures to comply with all applicable laws." (*Id.* at #61). Second, she points to several lawsuits purportedly against First Student that alleged similar FLSA violations. (*Id.*). Based on those lawsuits, Purnell argues that "First Student was undoubtedly put on notice that its employees … were working off-the-clock without being paid." (*Id.*). True, those actions settled (with payments to the employees) without the courts reaching the merits. But Purnell seems to argue that the lawsuits put First Student on notice of purported problems with its pay policies and systems, and yet it maintained those same policies and systems for the rest of its employees. (*Id.* at #61–63). In essence, she claims that, as a result of those lawsuits, First Student necessarily took a close look at how it was handling overtime pay, so if it continued to act in the same way, that conduct is willful in the sense that First Student was willfully disregarding the possibility that its conduct was unlawful.

As to Purnell's first set of allegations, First Student argues in its second motion to dismiss that it is not "de facto liable for willful violations" simply because it is a multi-national corporation. (Doc. 10, #82 (italics omitted)). And as for the lawsuits, it argues that (1) two of the listed lawsuits involve a different company; (2) Purnell "relies on the allegations" in the cases involving First Student; and (3) those cases never reached the merits. (*Id.* at #83).

The Court agrees with First Student that alleging a defendant has "the knowledge and legal[]resources of a multi-national corporation" or possesses a legal

department that performs internal audits is not enough in and of itself to adequately plead willfulness under the FLSA. (Doc. 9, #62–63). If it were, every large corporation would automatically be subject to a three-year limitations period for FLSA claims. The longer limitations period would become the exception that swallowed the rule, at least as to such corporations. True, First Student correctly acknowledges that if the company "ignored internal audits or memoranda showing possible violations," that may constitute a willful violation. (Doc. 6, #36). But the mere existence of a legal department that performs such audits does not suffice. So the Court rejects Purnell's argument on that score.

The lawsuit question, though, is more nuanced. To start, the Court agrees that First Student cannot be held responsible or said to be on notice based on cases involving other companies. Two of the four lawsuits Purnell lists involve a "First Transit, Inc." (Doc. 9, #61). First Student maintains it was not a party to those suits, (Doc. 10, #83), and Plaintiff has not alleged that First Student and First Transit are related in any way. So those two cases are out.

But do the two remaining suits suffice to put First Student on notice of potential FLSA violations such that it "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"? *McLaughlin*, 486 U.S. at 133. Defendant is correct that the two suits have not reached the merits, at least not as of the date this suit was filed. In *Stewart*, though, the plaintiffs' FLSA collective claim survived a motion to dismiss and conditional certification before the parties settled and stipulated to dismissal. (*See Stewart v. First Student, Inc.*, No. 1:22-cv-

2009 (N.D. Ohio), Doc. 47 (granting in part and denying in part First Student's partial motion to dismiss); Doc. 48 (conditional certification); Doc. 167 (stipulated dismissal)).[3] And in *Navarro*, prior to the filing of this case, the parties had conducted discovery and come to an agreement in principle. (*See Navarro v. First Student, Inc.*, No. 1:23-cv-4356 (N.D. Ill. Mar. 6, 2025), Doc. 54 (showing the parties completed mediation by agreeing on material terms)). Since then, that court has granted preliminary approval of the parties' settlement agreement. (*Navarro*, No. 1:23-cv-4356, (N.D. Ill. Nov. 13, 2025), Doc. 68 (granting preliminary approval)).

All told, the Court agrees with First Student that there has not been a *judgment* against it on the merits establishing that it has violated the FLSA. Purnell, however, still has put forward two cases where the cases progressed beyond mere pleadings.

So far as the Court can tell, the Sixth Circuit has not addressed whether these kinds of allegations (i.e. allegations of lawsuits against the same defendant involving allegedly similar conduct) suffice to plausibly allege willfulness. True, there have been a smattering of cases in which district courts have concluded that the existence of such lawsuits is not enough to actually *establish* a willful violation—that is, that such lawsuits do not suffice to *show* willfulness, and indeed may not even count as admissible evidence on that topic. *See Freeman v. Sam's East Inc.*, No. 2:17-cv-1786,

---

[3] Both parties cite *Stewart v. First Student, Inc.* with case number 20-cv-2556 in the Northern District of Ohio. (Doc. 9, #61; Doc. 10, #83). The Court, however, notes that the Northern District of Ohio case is No. 1:22-cv-2009, but there was a related case in the Eastern District of Pennsylvania under No. 2:20-cv-2556.

11

2021 WL 3362611, at *3 (D.N.J. Aug. 3, 2021) (granting summary judgment in favor of defendant employer in part because "an allegation in a prior case by a different plaintiff … that never reached the merits cannot support a finding of willfulness here"); *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540775, at *3 (S.D. Fla. Dec. 1, 2021) (citation omitted) (finding that a FLSA lawsuit involving a different corporate entity that the defendant owned was inadmissible at trial because "any such marginal relevance is substantially outweighed by the danger of unfair prejudice to Defendant and the risk of creating a mini-trial about the differences between the pending case and this one").

But those cases address questions not currently before this Court. Here, First Student seeks dismissal, not summary judgment or the exclusion of evidence at trial. At the pleading stage, Purnell need only "plead[] factual content that allows the court to draw *the reasonable inference* that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) (emphasis added) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). That is a different (and lower) standard than in *Freeman*, for example, where the plaintiff needed to present sufficient *admissible evidence* to survive summary judgment. 2021 WL 3362611, at *3.

Here then, the question is merely what reasonable inferences arise from the two lawsuits involving First Student to which Purnell points. And First Student directs the Court to only one case addressing that issue at the pleading stage, *Sherr v. Board of Elections in the City of N.Y.*, No. 1:23-cv-8693, 2024 WL 815696 (S.D.N.Y.

Feb. 10, 2024), *report and recommendation adopted*, 2024 WL 814634 (S.D.N.Y. Feb. 27, 2024). There, the magistrate judge recommended dismissing the plaintiff's FLSA claim because the plaintiff failed to adequately allege willfulness, and thus the claim was time barred. *Id.* at \*3. But in *Sherr*, the plaintiff only vaguely alleged that the defendant knew "its conduct violated the statute based on prior lawsuits against it," without providing any details about them. *Id.* Here, however, Purnell provides greater detail regarding the similarity in allegations between her case and the two prior lawsuits. (*See* Doc. 9, #61–63). So the Court concludes that, unlike the court in *Sherr*, it can reasonably infer from those lawsuits that First Student may well have known that its policies or systems led to FLSA violations for overtime compensation. In other words, those other lawsuits make it *plausible* that First Student knew of (or at least recklessly disregarded) ongoing FLSA violations and continued to underpay Plaintiff in the same way.

To be clear, the Court reserves judgment on whether these lawsuits would constitute sufficient evidence of willfulness for that finding to survive at later stages of the case. But the question now is only plausibility, and the Court finds the two lawsuits constitute sufficient smoke to allow Purnell to pursue discovery in hopes of finding fire as well.

Two other considerations bolster the Court's finding. First, Plaintiff's action will proceed regardless of whether she has adequately pleaded willfulness. The only difference would be that, if she establishes liability for failure to pay overtime, she could only collect two-years' worth of damages instead of three, and only the past two

13

years' of similarly impacted employees could join the collective action. That also makes the current case different from *Sherr*, where the plaintiff's case was entirely time-barred unless they pleaded a willful violation. 2024 WL 815696, at *3.

Second, the "Department of Labor's regulations explain that 'an employer's conduct shall be deemed to be in reckless disregard of the requirements of the Act, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry.'" *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 513 F. Supp. 3d 761, 789 (E.D. Mich. 2021) (quoting 29 C.F.R. § 578.3(c)(3)). Based on that, "courts in this Circuit have held that an employer acts with reckless disregard of the FLSA's requirements when it hears, but does not act upon, complaints that employees were not being paid the compensation owed to them." *Id.* (citation omitted). Turning to the instant case, Purnell plausibly alleged that First Student "heard" complaints and failed to act further on them, or at least failed to do so for employees other than those involved in the other actions. She argues that in one lawsuit, *Stewart*, the plaintiffs "alleged that First Student's common policies and practices were resulting in substantial off-the-clock work and substantial unpaid overtime." (Doc. 9, #62). And in the other matter, *Navarro*, "it was specifically alleged that First Student was paying its non-exempt employees certain non-discretionary bonuses while failing to include the same in the employees' regular rates of pay for the purpose of computing overtime." (*Id.*). Those allegations directly map on to the allegations here. While ignoring a lawsuit is perhaps different from ignoring the internal complaints at issue in *Reyes-Trujillo*, it

14

is similar in the sense that the lawsuits should have provided notice to First Student of potential violations. So alleging that First Student was "put on notice" from these two lawsuits and failed to inquire further plausibly alleges that it acted willfully. (Doc. 9, #61).

Putting that all together, the Court reserves judgment on the question of whether the two lawsuits would suffice to *prove* a willful violation. But the Court concludes that they are enough to plausibly *allege* a willful violation for purposes of overcoming a motion to dismiss. Thus, at least for now, Purnell can pursue her collective action claim for the previous three years.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Partial Motions to Dismiss (Doc. 6, 10).

**SO ORDERED.**

March 6, 2026
 **DATE**                                    DOUGLAS R. COLE
                                            UNITED STATES DISTRICT JUDGE